UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUALITY PROPERTIES ASSET
MANAGEMENT COMPANY,

      Plaintiff,

                                     Case No. 11-CV-10961-DT

v.

                                     HONORABLE DENISE PAGE HOOD

SEHN HARRISON, L.L.C.,

      Defendant.

_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF RECEIVER

**I.**       **BACKGROUND**

On March 10, 2011, Plaintiff Quality Properties Asset Management, Company ("Quality Properties") filed the instant action against Defendants Sehn Harrison, L.L.C. ("Sehn Harrison"), Francis J. Sehn and Francis J. Sehn Revocable Living Trust Dated August 26, 1968 alleging: Recovery Under the Note (Count I); Claim and Delivery (Count II); Recovery Under the Guaranty (Count III); Enforcement of Assignment of Rents (Count IV); and, Appointment of Receiver (Count V).

Sehn Harrison owns an industrial property in the City of Romulus, Wayne County, Michigan, commonly known as 9675 Harrison, Romulus, Michigan 48174. (Comp., ¶ 8) Sehn Harrison entered into a commercial mortgage loan agreement with Michigan National Bank in the amount of $3,500,000. (Comp., ¶ 9) Sehn Harrison executed certain loan documents, including: a Promissory Note, a Real Estate Construction Mortgage, an Assignment of Leases and Rents, a Guaranty, a Security and Pledge Agreement, and a Loan Agreement with various amendments.

(Comp., ¶ 10)  A UCC-1 Financing Statement was filed with the Michigan Secretary of State on July 12, 2010 to perfect the security interest in Sehn Harrison's personal property and other collateral. (Comp., ¶ 11)

After various mergers and name changes, Bank of America, N.A. was the holder of the Promissory Note and other Loan Documents.  (Comp., ¶ 12)  On December 22, 2010, Bank of America assigned the Loan and Loan Documents to Plaintiff.  (Comp., ¶ 14)

Sehn Harrison is in default of the terms of the Loan and Loan Documents, including failure to pay the full amount due and owing when the Note reached its maturity on May 1, 2010 and failure to pay real estate taxes for the Property.  (Comp., ¶ 15)  As of February 9, 2011, the amount of debt owed by Sehn Harrison was $3,075,931.23.  (Comp., ¶ 29)  The Foreclosure Sale of the Property occurred on February 9, 2011 and the property was sold to Quality Properties, the highest bidder, for $1,710,000.  (Comp., ¶ 30)  The deficiency owed to Quality Properties by Sehn Harrison as of February 9, 2011 was $1,365,931.23.  (Comp., ¶ 31)  The redemption period of six months expires on August 9, 2011.  (Comp., ¶ 32)

This matter is before the Court on Quality Properties' Motion for Appointment of Receiver during the six month redemption period.  Defendants filed a response opposing the appointment and Quality Properties filed a reply.

## II.    ANALYSIS

Quality Properties seeks appointment of a receiver under Rule 66 of the Federal Rules of Civil Procedure.  It argues that Sehn Harrison's express contractual consent to appointment of receiver after default, coupled with evidence of borrower's default, provides sufficient grounds for a federal court to appoint a receiver.  Section 10.1 of the Loan Agreement states that upon default,

Sehn Harrison consents to the appointment of a receiver without regard to the adequacy or the solvency of Sehn Harrison or availability of other remedies.  (Motion, Ex. G)  The Assignment of Leases and Rents also provides that in the event of default, Sehn Harrison expressly authorizes the holder of the note to enter the Mortgaged Property for the collection of rents, issues and profits and for the operation and maintenance of the Mortgaged Property.  (Motion, Ex. D)

In addition to the contractual provisions, Quality Properties argues that equitable considerations favor immediate appointment of a receiver, including the inadequacy of the security given to the lender and the doubtful financial standing of Sehn Harrison.  Quality Properties also argues that it is customary and proper during foreclosure proceedings to appoint a receiver.

Sehn Harrison opposes the appointment of receiver arguing that Quality Properties has failed to show that the current condition of the Property is not being appropriately managed and maintained.  Sehn Harrison claims that the buildings on the Property are approximately 45% leased which is consistent with other similarly situated properties in the area.  Sehn Harrison is currently engaged in discussions with two prospective tenants which would raise the occupancy rating to 80%. The uncertainty of the appointment of a receiver is detrimental to the value of the Property argues Sehn Harrison.  Sehn Harrison asserts that appointment of receiver is not a matter of right and provisions in the documents are not dispositive and appointment of a receiver in these circumstances is not favored under Michigan law.

The appointment of a receiver is not a matter of right, but rather lies in the discretion of the district court and will be exercised only when necessary to protect a plaintiff's interest in property which is subject of the action.  *See Guy v. Citizens Fidelity Bank & Trust, Co.,* 429 F.2d 828, 833-34 (6th Cir. 1970).  Appointment of a receiver is not an end in itself, but rather a means of reaching

some legitimate end. *See Kelleam v. Maryland Cas. Co. of Baltimore,* 312 U.S. 377, 381 (1941). The parties' consent, by contract or otherwise, to a receiver is not dispositive of the inquiry but a factor to be considered by the court. *See Federal National Mortgage Association v. Mapletree Investors Limited Partnership,* 2010 WL 1753112 * 3 (E.D. Mich. Apr. 30, 2010)(unpublished).

Rule 66 of the Rules of Civil Procedure pertains to appointment of receivers. The appointment of a receiver is an equitable remedy that is justified only in extreme situations. *Meyer Jewelry Co. v. Meyer Holdings, Inc.,* 906 F.Supp. 428, 432 (E.D. Mich. 1995). A court may consider the following factors when deciding to appoint a receiver: 1) the existence of a valid claim by the moving party; 2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; 3) imminent danger that property will be lost, concealed, or diminished in value; 4) inadequacy of legal remedies; 5) lack of a less drastic equitable remedy; and 6) the likelihood that appointment of a receiver will do more harm than good. *Id.*

Applying the factors noted above, Quality Properties has met the first factor--the existence of a valid claim against Sehn Harrison. There is no dispute that foreclosure has occurred and that the redemption period ends on August 9, 2011.

As to the fraudulent conduct factor, Quality Properties has not alleged such conduct by Sehn Harrison.

Regarding the third factor–imminent danger to the property–given that the redemption period will end on August 9, 2011, Quality Properties is unable to show a danger of losing or concealing the property. Quality Properties cannot show diminished value given that there is already a deficiency amount at issue and as Sehn Harrison has claimed, the occupancy rate is at 45% which is consistent with other properties in the area. There is also a possibility of leasing to others which

4

would raise the occupancy rate to 80%.

The fourth factor–inadequacy of legal remedies–it appears that Quality Properties has sufficient legal remedies based on the foreclosure of the Property and the instant action to seek the deficiency owed by Sehn Harrison.

Regarding the fifth factor is the lack of a less drastic equitable remedy. There is no lack of drastic equitable remedy. Quality Properties has already foreclosed on the property. Quality Properties is waiting on the redemption period to end on August 9, 2011. The *Maple Creek Gardens* case found that an appointment of a receiver is proper based upon default and the relevant documents such as those signed by the borrower in that case. In that case, the request for the receiver occurred upon default of the loan and prior to the foreclosure proceedings. *Maple Creek Gardens,* 2010 WL 374033 at * 3. Here, the property has already been foreclosed and Quality Properties is waiting on the redemption period to end on August 9, 2011. The appointment of a receiver was more justified, as an equitable remedy, in the *Maple Creek Gardens*, given that there was a longer period before the foreclosure proceedings and redemption period ended. In that case, the contract still governed the parties' actions. Here, the contract no longer controls making *Maple Creek Gardens* inapplicable.

The sixth factor is the likelihood that appointment of a receiver will do more harm than good. At this juncture, given that the redemption period ends on August 9, 2011, this factor does not weigh in anyone's favor. Sehn Harrison is not turning over the rents or making any payments to Quality Properties to go towards the deficiency at issue in this case. Sehn Harrison has failed to pay other real property taxes on the property. However, Quality Properties has successfully foreclosed on the Property and is in the same position it was before the foreclosure proceedings.

**III.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion to Appoint Receiver (**Doc. No. 2, filed 3/10/2011**) is

DENIED.

s/Denise Page Hood_____
United States District Judge

Dated:  August 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry_____
Case Manager