UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUALITY PROPERTIES ASSET
MANAGEMENT COMPANY,

                Plaintiff,              No. 11-cv-10961
                                                Hon. Gerald E. Rosen

vs.

SEHN HARRISON, L.L.C., FRANCIS J.
SEHN, and FRANCIS J. SEHN
REVOCABLE LIVING TRUST,

                Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**I. INTRODUCTION**

      This case involves an attempt by Quality Properties Asset Management Company ("Plaintiff") to collect the outstanding balance on a mortgage that was issued in favor of Sehn Harrison, L.L.C. ("Borrower") and guaranteed by Francis J. Sehn and the Francis J. Sehn Revocable Living Trust ("Guarantors"). Plaintiff has moved for partial summary judgment on the issue of the Guarantors' liability. Having reviewed the parties' briefs and the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendant's motion "on the briefs." See L.R. 7.1(f)(2). The Court's opinion and order is set forth below.

## II. FACTUAL BACKGROUND

In December 1997, Sehn Harrison, L.L.C. ("Borrower") entered into a mortgage with Michigan National Bank for $3,500,000. In addition to other documents, Borrower provided Michigan National Bank with a guaranty for the mortgage signed by Francis J. Sehn in his personal capacity, as well as in his capacity as trustee of the Francis J. Sehn Revocable Living Trust ("Guarantors"). The loan was set to mature on May 1, 2010.

From 2001 until 2008, Michigan National Bank underwent multiple mergers and name changes. The final merger combined Michigan National Bank's successor, LaSalle Bank Midwest National Association, with Bank of America. Subsequently, in December 2010, Bank of America assigned the loan to Plaintiff through a series of agreements.

The loan reached maturity on May 1, 2010, but Borrower did not pay the full amount due. As such, the power of sale was exercised, and the mortgaged property was sold at a foreclosure sale on February 9, 2011, but for an amount less than the total debt allegedly owed. The mortgage redemption period expired on August 9, 2011. Neither Borrower nor Guarantors (collectively "Defendants") has remitted the remaining amount due. Furthermore, Plaintiff alleges that Borrower has continued to collect rent and other income from the property, despite an agreement entitling Plaintiff to rent and income generated by the mortgaged property in the event of a default. As a result, Plaintiff filed this lawsuit on March 10, 2011. Plaintiff then moved for partial summary judgment on the issue of Guarantors' liability for the outstanding debt.

## III. ANALYSIS

### A.  Applicable Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the [Court] of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks and citations omitted).

In deciding a motion brought under Rule 56, the Court views the evidence in the light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). Yet, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1)(A)-(B). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

B.     **Partial Summary Judgment is Warranted**

While Plaintiff's complaint contains a number of claims, the motion currently before the Court seeks partial summary judgment on a single issue: the Guarantors' liability under the applicable loan documents.  Plaintiff argues that summary judgment on this claim is appropriate because (1) the Guarantors unconditionally guaranteed all amounts due if not paid by the Borrower, (2) the Borrower failed to pay the full amount due when the note matured, and (3) the Guarantors have failed to fulfill their contractual obligation thereafter.  The parties do not dispute any material facts.  For the reasons discussed below, summary judgment will be granted.  The Guarantors' arguments, made in opposition to summary judgment, are addressed in Part C, *infra*.

"In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning."  *In re Smith Trust*, 745 N.W.2d 754, 757-58 (Mich. 2008).  "The purpose of contract interpretation is to enforce the parties' intent, and if the language of the document is unambiguous, interpretation is limited to the actual words used."  *Comerica Bank v. Alkhafaji*, No. 268046, 2007 WL 1855048, at *2 (Mich. Ct. App. June 28, 2007) (citation omitted).  "Accordingly, a clear contract must be enforced according to its terms."  *Id.*  "If the contractual language is unambiguous, courts must interpret and enforce the contract as written, because an unambiguous contract reflects the parties' intent as a matter of law."  *In re Smith Trust*, 745 N.W.2d 754, 758 (Mich. 2008).

The first paragraph of the guaranty contract states that each Guarantor "unconditionally guarantees . . . the full and prompt payment when due of all

Indebtedness . . . of Borrower due and to become due to the Bank." (Pl.'s Mot. for Summ. J. Ex. E at 1.) The guaranty further states that the Bank "may have immediate recourse against Guarantor for the full and immediate payment of the Indebtedness, or any part thereof, which has not been paid in full at maturity . . . ." (*Id.*) "Indebtedness" is defined as "all indebtedness, liabilities, and obligations of Borrower to Bank"; and the guaranty clearly states that the Bank may seek recovery from the Guarantors prior to -- or instead of -- seeking recourse against the Borrower. (*Id.*) Defendants admit that the note reached maturity on May 1, 2010. (Defs.' Answer ¶ 16.) The language thus unambiguously establishes the Guarantors' liability for the Borrower's outstanding debt as of the date of maturity. *Comerica Bank v. Alkhafaji*, No. 268046, 2007 WL 1855048, at *2 (Mich. Ct. App. June 28, 2007). Since the Borrower has not paid the amount owed, the Guarantors are thus liable as well. Therefore, given the lack of countervailing language, Plaintiff is clearly entitled to judgment as a matter of law on the issue of the Guarantors' liability. There being no dispute of material fact, summary judgment is appropriate. Fed. R. Civ. P. 56(a).

C.     **Assertions Made by Defendants**

In their opposition to Plaintiff's motion, Defendants have raised objections that can be summarized as follows: (1) Plaintiff is a straw person and lacks standing to enforce the loan documents, and (2) Plaintiff has insufficiently established the amounts owed under the loan documents. That is, Defendants contest whether Plaintiff is the real party interest since most of Defendants' dealings have been with Bank of America rather than Plaintiff. Further, Defendants dispute the amount owed, claiming that Plaintiff has

5

relied on conclusory statements to establish the debt due. As explained below, neither contention affects the outcome of this motion.

Defendants' primary contention against summary judgment rests on the suggestion that Plaintiff lacks standing to pursue this debt. Defendants essentially claim that Plaintiff is a straw person and that Bank of America is the real party in interest. If Plaintiff is not enforcing its own contract rights, then standing is lacking since a party may only assert its own legal rights and interests. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). In an attempt to support this line of argumentation, Defendants requested discovery from Plaintiff relating to Bank of America's possession of the loan and the assignment of Bank of America's rights to Plaintiff. Defendants support their position by describing how Bank of America has continued to service the loan, despite assigning its rights under the loan to Plaintiff, including an assignment of all claims arising out of the loan. Whatever questions Defendants may raise are of little consequence, however, because Defendants themselves lack standing to challenge the assignment to Plaintiff.

In addition to the minimum requirements of constitutional standing,[1] the Supreme Court recognizes other prudential limits as well. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)); *Livonia Prop. Holdings v. Farmington Rd. Holdings*, 717 F.

---

[1] The "irreducible constitutional minimum" of standing requires that Plaintiffs show: "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Supp. 2d 724, 735 (E.D. Mich. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).  Among these limits is the principle that parties may only assert their own legal rights and interests.  *Livonia Prop. Holdings v. Farmington Rd. Holdings*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).  Where, as here, one party transfers its rights under a contract to another party, third parties to that assignment generally lack standing to challenge it.  *See id.* at 735-36 (discussing Michigan case law).  "In fact, for over a century, state and federal courts around the country have . . . [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment."  *Id.* at 736-37.

Defendants question the assignment leading to Plaintiff's suit and suggest that it was invalid.  They then rely on that point to contest Plaintiff's entitlement to judgment as a matter of law.  Under established contract law, however, a third party may not challenge an assignment if the assignor and assignee act in accordance with the assignment and do not contest it themselves.  *Id.* at 736 (discussing *Pashak v. Interstate Highway Constr., Inc.*, No. 189886, 1998 WL 2001203, at *1 (Mich. Ct. App. Mar. 20, 1998)).  The assignment of a contract right creates an independent agreement between the assignor and the assignee (Bank of America and Plaintiff, respectively).  The obligors (Defendants) have no right to challenge the assignment so long as the nature of their obligation remains unchanged.  *Id.* at 737 (discussing *Ifert v. Miller*, 138 B.R. 159, 166 n.13 (Bankr. E.D. Pa. 1992)).  Here, Bank of America's assignment did not alter the nature of the Borrower or Guarantors' obligations; it only changed to whom the obligation was owed.  As such, Defendants lack standing to challenge the assignment.

7

Defendants' other contention against summary judgment pertains to how Plaintiff calculated the amount owed under the loan. Namely, Defendants dispute Plaintiff's reliance on an affidavit as establishing the amount due. They also contend that Plaintiff has relied on conclusory statements to determine Defendants' debt. (Defs.' Resp. to Pl.'s Mot. for Summ. J. 8.) However, Defendants fail to appreciate the distinction between a determination of liability and a determination of damages. Plaintiff's motion, made pursuant to Rule 56(a), seeks to determine one narrow issue as a matter of law: whether the Guarantors are liable under the guaranty contract. While granting summary judgment will establish the Guarantors' liability under the loan, the entry of summary judgment is not dispositive of the actual amount owed. The amount due under the guaranty will be determined when judgment is entered. As such, Defendants' objections to the amounts claimed by Plaintiff are premature and have no bearing on the Guarantors' liability as a matter of law.

## IV. CONCLUSION

For the reasons set forth in this opinion, the Court holds that Plaintiff is entitled to partial summary judgment on the liability of Francis J. Sehn and the Francis J. Sehn Revocable Living Trust as the Guarantors of the mortgage at issue. There is no dispute of material fact, and Plaintiff is entitled to judgment as a matter of law. Therefore,

IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment [Dkt. # 26] is GRANTED.

Dated: January 6, 2012

s/Gerald E. Rosen
Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2012, by electronic and/or ordinary mail.

                              s/Ruth A.Gunther
                              Case Manager
                               (313) 234-5137